Henry Towell and Isaac Towell, appellants, *v.* Ephraim H. Gatewood, appellee.

*Appeal from Pope.*

In an action by G. against T., to recover for a breach of an alleged warranty of the quality of a lot of tobacco sold by T. to G., the plaintiff introduced in evidence the following bill of sale, to wit:

"New Haven, February, 1836.

Mr. E. H. Gatewood bought of H. & I. Towell, 2,951 lbs. good first and second rate tobacco at $ 4,50, $ 132,79½. Received payment by the hands of I. Kirkham,      Henry Towell, Isaac Towell."

He then proved by parol testimony that the tobacco was not good first and second rate tobacco, and there rested his case. The defendants then offered to prove by a witness who was present at the sale, the terms of the contract: *Held* that the proof was admissible, and that the bill of sale could only be regarded as a bill of particulars, and not as a warranty of the quality of the tobacco.

It is essential to the validity of a warranty, that it should be made at the time of sale; or if made afterwards, that it be upon a new consideration.

In an action by the purchaser to recover the purchase money paid, or damages, on the sale of any article, on the ground that it is inferior in quality to what it was represented to be, it is necessary to allege and prove either fraud or an express warranty.

No particular words or form of expression is necessary to create a warranty, but there is a distinction as to the legal effect of expressions when used in reference to a matter of fact, and when used to express an impression or opinion. Where the representation is positive and relates to a matter of fact, it constitutes a warranty, as that a ship is an American or a French ship, or that the crew con-

sists of so many hands., But where the representation relates to that which is a matter of opinion or fancy, as, for example, the value of a horse or painting, the representation is to be regarded as an expression of opinion, rather than such a verification of a fact as will amount to a warranty, unless that idea is excluded by an express warranty, or such other declaration as leaves no doubt of the intention to make a warranty.

THIS was an action of *assumpsit* originally commenced by Gatewood against the Towells, in the Gallatin Circuit Court, and transferred, by change of venue, to the Pope Circuit Court, where the cause was tried at the April term, 1836, and a verdict returned for the defendant. A new trial was granted, and had at the September term, 1837, before the Hon. Walter B. Scates, and judgment rendered for the plaintiff for $ 131,60. The defendants appealed to this Court.

W. J. GATEWOOD, H. EDDY, and E. B. WEBB, for the appellants, cited Dig. South. and West. R. 512, cases 160, 162 ; 1 Am. Dig. 386 ; Ohio Cond. R. 817 ; 18 Johns. 220 ; 4 Johns. 421 ; 1 Johns. 96, 129, 274 ; 5 Johns. 354 ; 14 Johns. 316 ; 20 Johns. 196.

D. J. BAKER, for the appellee :
1. The bill of sale signed by the Towells contains a warranty of the quality of the tobacco sold by them. 2 Leigh's Nisi Prius 1182 and 1503, and references to 3 Bos. and Pul. 515 ; 3 T. R. 360 ; Doug. 10 ; Dig. Wendell's R. 595 ; 3 Stark. Ev. 1660, title " *Warranty*," referring to 10 Johns. 484, 19 do. 290, 20 do. 203 ; 3 Bibb. 35 ; 7 Serg. and Rawle, 482. No particular form of words is necessary to constitute a warranty. The general rule is that whatever the vendor represents at the time of the sale, is a warranty. So the words " thirty seamen besides passengers," written in the margin, was held to amount to a warranty that there were thirty persons belonging to the ship's company. A policy on goods of and in the ship called the Catharine, " an American vessel," amounts to a warranty that the ship is *American.*
2. The written bill of sale cannot be varied by parol evidence. 3 Stark. Ev. 995 *et seq.*, title " *Parol Evidence.*"
3. The evidence authorized the verdict rendered, the Court will not set it aside.

WILSON, Chief Justice, delivered the opinion of the Court :
This was an action by E. H. Gatewood, the plaintiff below, against the defendants, H. and I. Towell, upon an alleged warranty of a lot of tobacco sold by them to the plaintiff. The allegations in the declaration are that the defendants undertook and promised that the tobacco was of good first and second rate quality, and that it was not of those qualities. Upon the trial of the cause the plaintiff read in evidence the following paper :

" NEW HAVEN, February, 1836.
Mr. E. H. Gatewood bought of H. & I. Towell, 2,951 lbs. good first and second rate tobacco at $4,50, $132,79½. Received payment by the hands of I. Kirkham,       HENRY TOWELL, ISAAC TOWELL."

He also proved by parol testimony that the tobacco was not good first and second rate tobacco, and there rested his case.

The defendants then offered to prove by a witness who was present at the sale, the terms of the contract; but the Court rejected this testimony, and upon the evidence given by the plaintiff, the jury found for him the whole amount paid for the tobacco. The errors assigned are, the refusal of the Court to permit the defendants to give parol evidence of the contract in relation to the tobacco; the admitting a certain deposition to be read in evidence; and the refusal of a new trial upon the application of the defendants.

The opinion of the Court upon the first assignment of error, supersedes the necessity of expressing any opinion upon the others. It is to be inferred from the record and argument of counsel, that the Court rejected the parol testimony offered by the defendants, upon the ground that the paper read in evidence by the plaintiff, was a written contract between the parties, and could not therefore be contradicted or changed by parol evidence. If the premises assumed by the Court were correct, its conclusion would likewise be so; but I cannot consider the paper in question as "containing the evidence of the bargain entered into by the parties. It does not profess to be such. It possesses none of the constituent parts of a contract; but is in form and in fact a bill of parcels, and an acknowledgment of the receipt of the purchase money, and as such was properly received in evidence; but it does not follow that because it is evidence so far as it goes, that it is all the evidence that ought to be received. Under such a rule, no latent ambiguity could be explained by parol; and although the defendants could prove, as in this case they contend they could, that the writing claimed by the plaintiff to be the contract of sale, was merely a receipt given some time after the sale, and that at the time of sale there were no stipulations as to the quality of the tobacco, yet the rule adopted by the Court would exclude such proof. This would be as palpable a violation of law as of justice.

The evidence proposed to be given by the defendants, without contradicting the writing, would, by showing it to be nothing more than a receipt given subsequently to the contract, exonerate them from all liability on account of any supposed warranty contained in the paper; as it is essential to the validity of a warranty, that it should be made at the time of sale, or if made afterwards, that it be upon a new consideration.

As this case has to be remanded for further proceedings, it

Towell *et al. v.* Gatewood.

becomes necessary to decide upon the legal effect of the bill of particulars given by the defendants, supposing it to be unexplained by any parol or other testimony. In an action by the purchaser, to recover the purchase money paid or damages on the sale of any article or commodity, on the ground that it is inferior in quality to what it was represented to be, it is necessary to allege and prove either fraud or an express warranty ; and as there is no charge of fraud in this case, the only question is, whether the bill of the defendants, which states the tobacco sold by them to the plaintiff, to be first and second rate, is to be considered as a warranty that it is of those qualities. No particular words or form of expression is necessary to create a warranty, but there is a distinction as to the legal effect of expressions when used in reference to a matter of fact, and when used to express an impression or opinion. Where the representation is positive, and relates to a matter of fact, it constitutes a warranty ; as that a ship is an American or a French ship, or that the crew consists of so many hands. But where the representation relates to that which is a matter of opinion or fancy, as, for example, the value of a horse or painting, in such cases the representation is to be regarded as an expression of opinion, rather than such a verification of a fact as will amount to a warranty, unless that idea is excluded by an express warranty, or such other declaration as leaves no doubt of the intention to make a warranty. The declarations of the defendants in this case, as to the quality of the tobacco, would seem to be analogous to the latter class of cases. The quality of the tobacco was a matter of judgment, and a matter with respect to which there may be a great diversity of opinion, particularly among those who are not well acquainted with the article. The defendants are not charged with having used any fraud or deceit, nor does it appear that they were acquainted with the article of tobacco, or that the plaintiff relied upon their judgment. As, therefore, the quality of tobacco is a matter rather of opinion, the defendants describing that sold by them as good first and second rate, unaccompanied with any other assurance of quality, can only be regarded as what in their opinion was its appropriate designation, and not as an undertaking or warranty of its quality, upon which an action will lie.

The judgment of the Circuit Court is reversed with costs ; and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*